**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-2028**

DOROTHY EMBELI NYAM, a/k/a Nyam Dorothy Embeli,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: April 26, 2022                    Decided: April 28, 2022

Before AGEE and THACKER, Circuit Judges, and FLOYD, Senior Circuit Judge.

Petition denied in part and dismissed in part by unpublished per curiam opinion.

**ON BRIEF:** Godwill C. Tachi, TACHI LAW FIRM, L.L.C., Greenbelt, Maryland, for Petitioner. Brian M. Boynton, Acting Assistant Attorney General, Jennifer Levings, Assistant Director, Sarah A. Byrd, Senior Litigation Counsel, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dorothy Embeli Nyam, a native and citizen of Cameroon, petitions for review of an order of the Board of Immigration Appeals dismissing Nyam's appeal of the immigration judge's oral decision denying Nyam's application for protection under the Convention Against Torture (CAT) and ordering her removed to Cameroon. Before us, Nyam asserts that, in conducting the underlying merits hearing, the immigration judge violated due process. As explained below, we deny the petition in part and dismiss it in part for lack of jurisdiction.

Removal proceedings are subject to the requirements of procedural due process. *Rusu v. INS*, 296 F.3d 316, 320 (4th Cir. 2002). To establish a due process violation, Nyam "must demonstrate (1) that a defect in the proceeding rendered it fundamentally unfair and (2) that the defect prejudiced the outcome of the case." *Nardea v. Sessions*, 876 F.3d 675, 681 (4th Cir. 2017) (internal quotation marks omitted). We will find prejudice "only when the rights of an alien have been transgressed in such a way as is likely to impact the results of the proceedings." *Id*. (internal quotation marks omitted).

Nyam first asserts that the immigration judge violated due process by improperly excluding testimony from Mr. Jonas Muwud. Review of the record confirms that Mr. Muwud was intended to corroborate Nyam's involvement with the Southern Cameroons National Council since living in the United States, which was relevant to claims for asylum and withholding of removal that Nyam had previously withdrawn. The record also confirms that, when asked by the immigration judge as to the witness's continued relevance, Nyam's then-attorney agreed that Mr. Muwud's testimony was not necessary to

2

Nyam's CAT claim as it would have been duplicative of other record evidence of country conditions. We thus conclude that there was no such defect in the underlying proceedings.

The due process challenge also fails because the claimed unfair prejudice is specious at best. Even now, Nyam makes no real effort to identify what evidence Mr. Muwud would have offered that was (a) not duplicative of the other record evidence, which included Mr. Muwud's affidavit and evidence describing conditions for Anglophones living in Cameroon; or (b) relevant to Nyam's individual situation. We therefore agree with the Attorney General that this aspect of Nyam's claim fails on both prongs of the due process analysis. Accordingly, we deny the petition for review in part for the reasons stated by the Board. *See In re Nyam* (B.I.A. Aug. 23, 2021).

Nyam also contends that the immigration judge violated due process by prejudging her case and (a) failing to afford Nyam the opportunity to explain the evidentiary inconsistencies identified by the immigration judge; and (b) allegedly forcing Nyam to withdraw her applications for asylum and withholding of removal. But Nyam did not raise these arguments in her administrative appeal to the Board, which instead focused on the immigration judge's substantive rationale for denying her CAT claim and the allegedly improper exclusion of Mr. Muwud's testimony.

A noncitizen must exhaust "all administrative remedies available to [her] as of right" before filing a petition for review of a final order of removal. 8 U.S.C. § 1252(d)(1). A noncitizen who does not "adequately raise" a particular claim before the Board fails to exhaust that claim. *Perez Vasquez v. Garland*, 4 F.4th 213, 229 (4th Cir. 2021); *see Tiscareno-Garcia v. Holder*, 780 F.3d 205, 210 (4th Cir. 2015). Because Nyam did not

3

exhaust these aspects of her due process claim on appeal to the Board, we lack jurisdiction to consider them. *Cabrera v. Barr*, 930 F.3d 627, 631 (4th Cir. 2019) ("[A]rguments that a petitioner did not raise in the [Board] proceedings have not been exhausted and th[is] Court lacks jurisdiction to consider them."). We therefore dismiss the petition for review in part for lack of jurisdiction.

Accordingly, we deny Nyam's petition for review in part and dismiss it in part. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED IN PART,*
*DISMISSED IN PART*